**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

SYDNEY HAYES and TEDDY RABURN, on behalf of themselves and all
    others similarly situated,

    Plaintiffs,

 v.

DC STAR SECURITY AGENCY INC., d/b/a SIEGUN SECURITY, and
DAVID LEE, individually

    Defendants.

---

### COMPLAINT AND JURY DEMAND
---

Plaintiffs Sydney Hayes and Teddy Raburn ("Plaintiff"), on behalf of themselves and all

others similarly situated, by and through counsel, Billhorn Law Firm, complain as follows:

### NATURE OF THE ACTION

1.      This action is brought by Plaintiffs Hayes and Raburn on behalf of themselves and

all individuals who were employed by, or contracted with, Defendants as security guards and/or

other comparable positions with different titles (hereinafter referred to collectively as "Security

Personnel" or "the Overtime Class") in Colorado during the three (3) years preceding, plus any period

of tolling, and who were not properly paid overtime compensation.

2.      This case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201 *et seq.*, the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") #39, 7

CCR §§ 1103-1 *et seq.*, and the Colorado Wage Act ("CWA"), C.R.S. §§ 8-4-101 *et seq.*

1

3.      Plaintiffs allege that Defendants violated the COMPS Order and the CWA by failing to pay Security Personnel overtime compensation at applicable rates as required by law.

## JURISDICTION AND VENUE

4.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Colorado statutory claims, pursuant to 28 U.S.C. §1367. Any individuals who join this case by way of the opt-in provisions of the FLSA shall affirmatively adopt the Colorado state law claims asserted herein under 28. U.S.C. §1367

5.      Venue lies in the District of Colorado in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants were or are engaged in business in this District.

6.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs allege a claim under the FLSA.

7.      This Court has supplemental jurisdiction over Plaintiffs' state law claims, and the state law claims of any individual who opts-in to the case by way of FLSA Notice, pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claim that they form part of the same case or controversy.

8.      Defendant DCSSA d/b/a SS is subject to personal jurisdiction in Colorado because it is registered in Colorado, has availed itself of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions alleged herein arise out of DCSSA d/b/a SS's activities in Colorado.

9.      Defendant Lee is likewise subject to personal jurisdiction in Colorado because he owns, operates, and manages Defendant DCSSA d/b/a SS, is himself domiciled in Colorado,

2

availed himself of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions alleged herein arise out of Defendant Lee's activities in Colorado.

## THE PARTIES

10.    Plaintiff HAYES is, and was at all times relevant to this action, an adult individual domiciled in Colorado and worked for Defendants as a member of Defendants' Security Personnel group.

11.    Plaintiff RABURN is, and was at all times relevant to this action, an adult individual domiciled in Colorado and worked for Defendants as a member of Defendants' Security Personnel group.

12.    Defendant DCSSA d/b/a SS is registered under the laws of the State of Colorado with its principal place of business located at 3655 E Fountain Blvd, #16411, Colorado Springs, CO, 80910. (https://dcstarsecurityandprotectionage.godaddysites.com/)

13.    Defendant Lee is, in general terms, a principle and/or owner of DCSSA d/b/a SS. Upon information and belief, Defendant Lee is domiciled within this district.

14.    Defendants are primarily in the business of providing security services to the public.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.    Plaintiffs seek, as an alternative, to prosecute their FLSA claim as an "opt-in" Collective Action on behalf of all persons who are or were employed by Defendants as Security Personnel (or similar title as defined *supra*) in Colorado at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked over 40 in a work week (the "Collective").

16.    Plaintiffs will fairly and adequately protect the interests of the members of the Collective and have retained counsel who are experienced and competent in the field of wage and

3

hour law and Collective litigation. Plaintiffs have no interests contrary to, or in conflict with, members of the Collective.

17.     The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the federal and state statues plead herein.

## F.R.C.P. 23 CLASS ACTION ALLEGATIONS

18.     Plaintiffs, as an alternative, bring this action on their own behalf and on behalf of a Class of workers under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendants' violations of the COMPS Order and the CWA.

19.     Plaintiffs bring their Colorado state law claims on behalf of all past and present individuals (hereinafter referred to as "Security Personnel" or "the Overtime Class") who were employed by Defendants in Colorado  as Security Personnel at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of Security Guard (or similar title as defined *supra*) and who was not paid overtime compensation for all hours worked or at an appropriate rate of pay for all hours worked, including hours over 40 in a work week and/or 12 in a work day (hereinafter referred to as the "Overtime Class").

20.     The members of the Overtime Class are so numerous that joinder of them is impracticable. Although the precise number of Class members is unknown and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are potentially dozens of members of the Overtime Class including current employees and past employees over the three-year limitations period

4

21.     Plaintiffs' claims are typical of the claims of the members of the Overtime Class.

22.     Plaintiffs performed the same essential job duties as the members of the Overtime Class. Defendants paid Plaintiffs and the members of the Overtime Class pursuant to the same policies and procedures and Plaintiffs and the members of the Overtime Class were victims of the same wrongful conduct in which Defendants engaged in violation of the COMPS Order and the CWA.

23.     The Class Action mechanism of F.R.C.P. 23 is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a Class Action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A Class Action is the only practical way to avoid the potentially inconsistent results that numerous individual trials would likely generate. Moreover, Class Action treatment is the only realistic means by which injured parties can effectively litigate against corporate defendants like Defendant DCSSA d/b/a SS. Numerous repetitive individual actions would also place an undue burden on the courts as any such judicial forum would be faced with taking duplicative evidence, conducting repetitive trials, empaneling numerous juries all for the purpose of deciding the same issues relating to Defendants' conduct.

24.     Defendants have acted or refused to act on grounds generally applicable to the entire Overtime Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Overtime Class as a whole.

25.     Plaintiffs are committed to pursuing this action and have retained competent counsel who are experienced in wage and hour law and Class Action litigation.

26.     Plaintiffs will fairly and adequately protect the interests of the members of the Overtime Class.

27.     There are questions of law and fact common to the Overtime Class which predominate over any questions solely affecting the individual members of the Overtime Class, including, but not limited to:

    a.  Whether Defendants employed the members of the Overtime Class within the meaning of the COMPS Order and the CWA;

    b.  Whether Defendants' wage policies and practices described within this Complaint are illegal;

    c.  Whether Defendants properly paid the members of the Overtime Class for all hours, including hours worked above 40 hours in a work week and/or 12 hours in a work day;

    d.  Whether Defendants properly tracked and/or calculated the number of overtime hours payable to the members of the Overtime Class based on their beyond 40 hours in a work week and/or 12 hours in a work day;

    e.  What proof of hours worked is sufficient where, as here, Defendants may have failed in their duty to keep and maintain accurate time records; and

    f.  Whether Defendants are liable for all damages claimed hereunder.

### STATEMENT OF FACTS

28.     Defendants provide security consulting, risk management and security guards for protection for customers.

29.     In the course of their employment, Plaintiffs and the Overtime Class of Security Personnel follow standardized processes involving techniques and procedures implemented by Defendants, and work within closely prescribed limits imposed by Defendants. Defendants direct and control the day-to-day activities of Plaintiffs and all other members of the Overtime Class.

30.     Defendant Lee controlled/controls scheduling, work assignments, duties, and compensation for Plaintiffs and all other members of the Overtime Class.

31.     Defendants classify all Security Personnel and members of the Overtime Class as independent contractors and compensate them on an hourly basis.  Security Personnel should be paid for all hours worked, including overtime compensation for hours worked over 40 in a work week and/or over 12 in a workday.

32.     Defendants employed or contracted with Plaintiff HAYES as a as a member of Defendants' Security Personnel group at their Colorado Springs, Colorado facility. Plaintiff HAYES began his employment on or about June 2022 and was employed by Defendants until the March 21, 2025.

33.     At the beginning of Plaintiff HAYES' employment with Defendants, he was paid by way of a W2 employee, but approximately 3-4 months after the start of his employment in June 2022, was reclassified as a 1099 independent contractor.

34.      Defendants employed or contracted with Plaintiff RABURN as a as a member of Defendants' Security Personnel group at their Colorado Springs, Colorado facility. Plaintiff RABURN began his employment on or about December 2022 and was employed by Defendants until March 2025.

35.     Throughout Plaintiff RABURN'S employment with Defendants, Defendants classified him as a 1099 independent contractor.

36.     Defendants have mis-classified Plaintiffs and other similarly situated Security Personnel as independent contractors and have failed to pay overtime to Plaintiffs and other similarly situated Security Personnel for their hours over 40 in a work week or 12 in a workday.

37.     Plaintiffs HAYES and RABURN, like other Security Personnel, were/are scheduled to work 16 hour shifts 5 to 6 days per week and one 13 hour shift one day per week.

7

38.    Plaintiffs and members of the Overtime Class regularly work[ed] 77 hours to 93 hours per week, over 5 to 6 days per week.

39.    Defendants require Plaintiffs and members of the Collective and Overtime Class to log in to a cellphone app to report the beginning and end of their workdays.  The app works most days, but not always.

40.    Plaintiffs and members of the Collective and Overtime Class are required to log in to the app every hour and report status of work throughout their work shift.

41.    Plaintiffs and members of the Collective and Overtime Class were directed by Defendants to strictly adhere to instructions and policies implemented by Defendants regarding their day-to-day work duties.

42.    Plaintiffs and members of the Collective and Overtime Class engaged in essential job duties and tasks daily that directly related and contributed to Defendants' primary security business and the generating of revenues and profits that benefited Defendants.

43.    The common terms and conditions of employment for all Security Personnel, including the pay practices identified herein, were intentionally and purposefully made identical as between all Collective and Overtime Class members by Defendants for the purpose of strict continuity with regard to security protocol.

44.    The uniform and common practices and policies implemented by Defendants, including the job duties and compensation structure, applied to all Security Personnel, including Plaintiffs and members of the Collective and Overtime Class.

45.    The common terms of employment for Security Personnel were intentionally and purposefully made identical by Defendants and applied to all members of the Collective and Overtime Class.

8

46.     Defendants' violations of the FLSA and CWA are not in good faith. Defendants are, and have been, aware of their legal obligation to pay overtime compensation to Plaintiffs and members of the Collective and Overtime Class. Defendants' violations of the FLSA and CWA are willful because, among other things, Plaintiffs and  members of the Collective and Overtime Class complained to Defendants about Defendants' failure to pay overtime wages during their employment and Defendants failed to take remedial action.  Furthermore, ample information was available to Defendants regarding compliance with federal and state wage and hour laws and Defendants either failed to avail themselves to that information or did seek such information and then intentionally failed to comply with the rules and provisions of the law.

## FIRST CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

47.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

48.     At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA.

49.     At all relevant times, Defendants employed, and/or continue to employ, each of the members of the Collective within the meaning of the FLSA.

50.     At all relevant times, Defendants have had gross annual revenues in excess of $500,000.

51.     At all relevant times, Defendants have operated their security business under a uniform policy and practice to not pay Security Personnel overtime compensation for all overtime hours worked at legally mandated rates.

9

52.     As a result of Defendants' failure to properly compensate Security Personnel, including Plaintiffs and the members of the Collective, Defendants have violated, and continue to violate, the FLSA.

53.     As employers within the meaning of the FLSA, Defendants have a duty to create and maintain accurate records of employee hours.

54.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55.     Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the members of the Collective, are entitled to recover from Defendants unpaid overtime compensation, liquidated damages, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

### VIOLATION OF COMPS ORDER
### F.R.C.P. 23 CLASS ACTION

56.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

57.     At all relevant times, Plaintiffs and the members of the Overtime Class were employed by Defendants within the meaning of the COMPS Order.

58.     Because Defendants were, at all relevant times, employers within the meaning of the FSLA, they were also employers within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

59.     Defendants violated the COMPS Order by failing to pay Security Personnel all overtime compensation to which they are entitled at the legally required rates.

60.    Plaintiffs and the members of the Overtime Class are entitled to recover from Defendants compensation at the appropriate premium for all hours worked over 40 in a work week and 12 in a workday, any statutory penalties, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF COLORADO WAGE ACT
### CLASS ACTION F.R.C.P. 23 CLASS ACTION

61.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

62.    At all relevant times, Plaintiffs and the members of the Overtime Class were employed by Defendants within the meaning of C.R.S. § 8-104-101(5).

63.    Because Defendants were, at all relevant times, employers within the meaning of the FLSA, they were also employers within the meaning of the CWA pursuant to C.R.S. § 8-104-101(6).

64.    The CWA defines wages as "[a]ll amounts for labor or service performed by employees," regardless of whether "the amount is fixed or ascertained by the standard of time." Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable." C.R.S. § 8-4-101(14)(a)(I)-(III).

65.    Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiffs and members of the Overtime Class worked hours at or below 40 hours in individual work weeks which were required to be paid at their regular hourly rates of pay.

66.    Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiffs and members of the Overtime Class worked over 40 in individual work weeks or 12 in a work day which required

11

pay at time and one-half their regular hourly rates.

67.     Once Plaintiffs and members of the Overtime Class worked hours below, at, and above 40 in individual work weeks, they earned regular and overtime compensation, although it was not paid. As such, any regular and overtime wages for which Plaintiffs and members of the Overtime Class were not paid were and are "wages" as defined by the CWA and therefore subject to the requirements of the CWA.

68.     Plaintiffs and members of the Overtime Class did not receive overtime premiums of one and one-half times their regular rates of pay for hours worked over 40 in individual work weeks or 12 in individual workdays.

69.     Pursuant to C.R.S. § 8-4-109(3)(b)(I), if an employer fails to pay an employee earned, vested, and determinable wages as set forth by the CWA within fourteen (14) days of service of a civil action, the employee is entitled to a penalty of two times the amount of unpaid wages or compensation.

70.     Pursuant to the C.R.S. § 8-4-109(3)(b)(I), if the employee can prove that the employer's failure to pay wages due under the Act was willful, the employee is entitled to a penalty of three times the amount of unpaid wages or compensation.

71.     Defendants' failure and refusal to pay earned regular and overtime wages, as demanded herein within the fourteen (14) day period described by the C.R.S. § 8-4-109(3)(a), was willful and in bad faith.

72.     Plaintiffs and members of the Overtime Class are owed all earned, unpaid wages and statutory penalties, including increased penalties for willful violations of the CWA.

73.     Per C.R.S. § 8-4-110, Plaintiffs and members of the Overtime Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

12

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other members of the Collective and Overtime Class, request this Court grant the following relief:

a) Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the members of the Overtime Class and appointing Plaintiffs and their counsel to represent the Overtime Class;

c) Entering of a declaratory judgment affirming that the practices complained of herein are unlawful under the FLSA, COMPS Order, and CWA;

d) Entering an injunction requiring Defendants to cease their unlawful practices under, and to comply with, the COMPS Order and CWA;

e) Entering an award of overtime compensation due under the FLSA and the COMPS Order;

f) Entering an award of regular compensation due under the COMPS Order;

g) Entering an award of unpaid, earned, and vested regular wages under the CWA;

h) Entering an award of liquidated damages and/or statutory penalties under the FLSA and CWA;

13

i)   Entering an award of additional damages and/or statutory penalties under the FLSA and CWA as a result of Defendants' willful failure to pay overtime compensation;

j)   Entering an award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

k)   Entering an award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

l)   Entering an award of costs and expenses of this action together with attorneys' and expert fees; and,

m)  Such other and further relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the Collective and Overtime Class have a right to jury trial.

Respectfully submitted this 27th day of March, 2025.

/s/ John W. Billhorn
BILLHORN LAW FIRM
3773 Cherry Creek N. Drive
Suite 710
Denver, CO 80209

53 W. Jackson Blvd.
Suite 1137
Chicago, IL 60604
Telephone: (312) 853-1450
Email: jbillhorn@billhornlaw.com

*Attorney for Plaintiffs and the Plaintiff Collective/Class*